### D. C. ROGERS, ET AL., *v.* J. L. MOORE.

**Practice—Receiver.**

> Where a receiver buys property at a judicial sale, whether authorized to do so or not, even though the proper persons might have had the sale quashed or could have held him as trustee, another person not interested in the sale cannot complain of the irregularity or illegality of such sale.

**Receiver May Employ Attorney.**

> A receiver, although the mere servant of the court, may, under some circumstances, employ an attorney and may act upon his advice, or even allow the attorney to act for him.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 2, 1877.

OPINION BY JUDGE COFER:

If we adopt the appellants' construction of the petition, then the only question to be decided is whether the exhibits filed show a valid sale and purchase of the one-half of the tract of land mentioned in the petition.

The regularity of the sale under the execution in favor of the Insurance and Banking Company is not questioned, nor is the validity of the execution in the name of Pegram, commissioner, or its levy on the equity of redemption disputed, but the sale of the equity of redemption it is claimed was invalid.

The sheriff's return seems to be regular in all respects, and shows that S. P. Little "as attorney for the plaintiff" became the purchaser. Who was the plaintiff? Pegram was the nominal plaintiff in the execution, and nothing besides the face of the execution and the sheriff's return appearing, the inevitable conclusion would be that Little was his attorney and purchased for him. But it appears that Watkins, receiver, had been ordered to collect the bond on which the execution issued, and he was, therefore, the real party in interest in the execution, and was the only person who, as far as this record shows, had any authority to control it, and we think the legitimate conclusion is that Little was Watkins's attorney and bought for him, and when all the facts are considered together we think that Watkins must be taken to be the person referred to in the receipt executed by the Insurance and Banking Company as the plaintiff in Execution No. 1549.

We have then these facts: Little, as attorney for Watkins, purchased the equity of redemption and redeemed the land from the first sale, and Watkins having assigned his bid to the appellee, who has since received the sheriff's deed, the appellee is the owner of the interest in the land for which he obtained judgment in this case, unless, as appellant contends, the purchase by Watkins was illegal and invalid. Watkins, as receiver, certainly had no authority to buy land, and it may be that those entitled to the fund he was directed to collect could have had the sale quashed, or could have held him

as trustee for them, but we do not perceive the ground upon which the appellant can complain of his purchase. Nor do we concur with counsel that Watkins as receiver could not have an attorney. The law prohibits an officer charged by law with the duty to sell property from buying at his own sale, but Watkins had no duty to perform in respect to the sale made under the execution, and the reason upon which the rule above referred to rests does not apply to him in this case. Not being prohibited from purchasing, the sale and subsequent conveyance vested the appellee with the legal title, whether Watkins ever paid for the land or not, and his purchase satisfied the execution against the appellant; and he has therefore no right to inquire what may be the rights of Watkins and the appellee as between them and the persons interested in the fund Watkins was directed to collect.

A receiver, although the mere servant of the court, may, under some circumstances, employ an attorney, and may act upon his advice, or even allow the attorney to act for him, and whether he could do so or not it seems clear that the appellant, who does not appear to have had any interest in the fund, or any confidential relations with the receiver, and to whom the receiver, as such, owed no duty, cannot complain that the receiver chose to act through an attorney.

After a careful consideration of the whole case we are unable to detect any error in the record and the judgment must be *affirmed.*

*Williams & Brown, for appellants.   L. P. Little, for appellee.*